UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

        -v.-                               ORDER

BRIAN DOWNEY,                        23-CR-87 (CS)

                    Defendant.
----------------------------------------------------------x

Seibel, J.

      Before the Court is Defendant Brian Downey's motion for reduction of sentence under 18

U.S.C. § 3582(c)(1)(A), known as "compassionate release," (ECF No. 70), and the Government's

opposition thereto, (to be filed under seal).[1]  Defendant was convicted of possession of an

unregistered firearm and sentenced principally to 8 months' imprisonment, (ECF No. 55), which

was below his Sentencing Guidelines range of 18-24 months, (ECF No. 40 ¶ 73), and below

Probation's recommendation of a year and a day, (*id.* at 20).  He has served a little over 4

months.

      Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the 18 U.S.C. § 3553(a)

factors, reduce a sentence if extraordinary and compelling reasons justify such action and it is

consistent with the relevant policy statements of the Sentencing Commission.  Policy Statement

1B1.13 also permits a sentence reduction for extraordinary and compelling reasons, and

additionally requires that the Defendant not be a danger to the safety of any other person or the

community.  *See* U.S.S.G. § 1B1.13(a), p.s.  The Policy Statement, as amended, *see United*

---

[1]No later than November 21, 2022, the Government shall provide a hard copy or a copy
on a CD or thumb drive so that its opposition, which contains medical records, can be made part
of the record under seal.

*States v. Feliz*, No. 16-CR-809, 2023 WL 8275897, at \*4 (S.D.N.Y. Nov. 30, 2023),[2] identifies

as extraordinary and compelling certain circumstances relating to medical condition, age, family,

prison abuse, and unusually long sentences, as well as any other circumstances of similar gravity,

*see* U.S.S.G. § 1B1.13(b)(1)-(6).  "The defendant bears the burden of showing that the

circumstances warrant a sentence reduction."  *United States v. Jacques*, No. 20-3276, 2022 WL

894695, at \*1 (2d Cir. Mar. 28, 2022) (summary order).

     The motion is denied, essentially for the reasons stated by the Government.  Defendant

argues that extraordinary and compelling circumstances exist here because his health has

deteriorated since his incarceration.  The Bureau of Prisons ("BOP") medical records submitted

by the Government show that Defendant's conditions are being addressed (at least to the extent

he has brought them to the attention of his providers).[3]  He has a walker and, according to him, a

wheelchair to get to meals.  But assuming that his condition rises to the level set forth in

---

[2]I agree with the court in *Feliz*, which found that the November 1, 2023 amendments to Policy Statement 1B1.13 have harmonized the Policy Statement with the First Step Act; that *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020), therefore does not apply to the new version of Policy Statement 1B1.13; and that "[a]ccordingly, to grant a motion for compassionate release, a court must now, in addition to finding that the other elements of the compassionate release standard are satisfied, also find that granting such relief is consistent with Policy Statement 1B1.13."  2023 WL 8275897, at \*4; *see United States v. Corbett*, No. 10-CR-184, 2023 WL 8073638, at \*3 (S.D.N.Y. Nov. 21, 2023) ("The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.").  But the outcome here would be the same even under *Brooker* and the old version of 1B1.13. Unless otherwise indicated, all case quotations omit internal citations, quotation marks, footnotes and alterations.

[3]For example, he mentions his concern about a mass in his stomach, but a search of the records for the terms "stomach" and "mass" did not reflect his ever mentioning such a concern to BOP medical personnel.  If Defendant believes he is not getting the medical treatment he requires, he should take advantage of the administrative (and if necessary, judicial) remedies available to him for challenges to his conditions of confinement.

U.S.S.G. 1B1.13(b)(1)(B), the § 3553(a) factors weigh against release about halfway into Defendant's sentence.  I took into account Defendant's medical condition in imposing a well-below-Guidelines sentence, and his condition has not deteriorated to the extent that a further reduction is warranted, in light of the seriousness of the offense, the need to promote respect for the law and the need for deterrence.

For the reasons stated above, the motion is denied.  The Clerk of Court is respectfully directed to terminate ECF No. 370.

Dated: November 14, 2024
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

3